White, C. J.
The petition charges the defendant with intruding into and usurping the office of member of the board of education of the city of Dayton, in the county of Montgomery. The petition also avers that the relator is entitled to the office, and that he is unlawfully excluded therefrom by the defendant. The object of the petition is to oust the defendant from the office, and to obtain the induction of the relator. The relator asks leave to file his petition in this court, aud to have process issue therefrom against the defendant, requiring him to answer the petition.
The application is made under chapter 8, title 4, of the revised code. 75 Ohio L. 814. The chapter is devoted to the subject of quo warranto, and is a compilation and revision of the former statutes on that subject.
The chapter provides that proceedings in quo warranto .shall be prosecuted by civil action; and three modes are prescribed in which the action may be prosecuted : 1. By the prosecuting attorney; 2. By the attorney-general; and, •3. By a person on his own behalf, where he claims to be entitled to a public office unlawfully held and exercised by another.
Prosecutions in the first of these modes were authorized by the act of March 17, 1838. 2 S. & C. 1264. The first section of that act provided, “ That the prosecuting attorney of any county of this state shall, when directed by the governor, supreme court, or the general .assembly, or he may, upon his own relation, or the relation of any private individual, upon leave granted by the supreme court in term time, or any judge thereof in vacation, file an information in the nature of a quo warranto in the supreme court for the proper county,” in the cases therein specified.
The supreme court mentioned in this act has reference to the supreme court under the former constitution, and •of which, under the present constitution, the district courts *367 in the several counties are the successors. Const., art. 14, ■§ 12. See also section 6 of the act of March 14, 1853, rel- * ative to the organization of courts of justice. 1 S. & C. 383.
Under the acts in force, therefore, at the time of the revision, the authority of prosecuting attorneys to institute proceedings in quo warranto was limited to the district courts of their respective counties. And it may further be remarked that the act prescribing the duties of prosecuting attorneys, and which is still in force, limits those duties in regard to prosecuting suits in which the state is a party to the counties in which they were elected, and also that it was not the object of the chapter of the revised code now under consideration to prescribe or enlarge the duties of these officers.
2. Prosecutions by the second mode were authorized by the act of May 1, 1852, prescribing the duties of the attorney-general. S. & C. 88. Under that act the attorney-general was authorized to prosecute proceedings in quo warranto in the supreme court, in the district court of Eranklin county, or in the district court of any county of the state, where the defendant might reside or be found, or if the defendant was a corporation, in the county where it had its place of business. This act is still in force.
3. Prosecutions by the third mode are authorized by section 5 of the chapter now under consideration. The section is as follows: “ A person claiming to be entitled to a public office unlawfully held and exercised by another may, by himself or an attorney at law, upon giving security for costs, bring an action therefor.”
This section is a revision of the act of March 18, 1839. 2 S. & C. 1270.
The original act provided that the proceeding should be instituted “in the supreme court in the county” where the defendant had his office. This provision is omitted in the revised section, for the reason that in the revised code, proceedings in quo warranto are classed as civil actions, and the county in which such actions are to be prosecuted is pro *368 vided for in a distinct chapter of the code as revised. Chapter 5, title 1, is devoted to this subject, and the present case is governed by section 10, which provides that every action, other than those specified in the chapter, must be brought in the county in which the defendant resides or may be summoned. 75 Ohio L. 611.
It is true section 9 (75 Ohio L. 814) provides that “an action under this chapter can be brought only in the supreme court, or in the district court of the county in which the defendant or one of the defendants resides or may be found, or when the defendant is a corporation, in the county in which it is situated or has a place of business; but if the attorney-general file the petition, the action may be brought in the District Court of Franklin county.”
This section was intended to exclude other courts than those named from entertaining jurisdiction in this class of civil actions ; but it was not designed to prescribe the class of cases to be brought in the supreme court or in the district courts.
Prior to the revision, the attorney-general alone was authorized to prosecute proceedings in quo warranto in the supreme court; and we discover no intention on the part of the legislature, in making the revision of the former statutes, to change the law on this subject.
But however this may be, it is quite plain that the forum in which the relator must seek his remedy is the district court, and not in this court. '
In cases like the present, where the relator sues in his private right, leave to file the petition is not required.
The motion for leave to file the petition is, therefore, overruled; and the application for process to issue thereon from this court is denied.